1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   HAMIDULAH SARWARY,                    Case No. CV 2:24-07469 JFW (RAO)

12              Petitioner,

13        v.                               ORDER SUMMARILY
                                           DISMISSING SUCCESSIVE
14   PEGGY LLAMAS,                         PETITION FOR WRIT OF HABEAS
                                           CORPUS FOR LACK OF
15              Respondent.                JURISDICTION AND DENYING
                                           CERTIFICATE OF
                                           APPEALABILITY
16

17               I.    **BACKGROUND**

18        On   August   1,   2024,[1]   Petitioner   Hamidulah   Sarwary   ("Petitioner")

19   constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody

20   ("Petition") pursuant to 28 U.S.C. § 2254.  Petitioner seeks habeas relief from his

21   current parole status arising from his 2017 conviction in Santa Barbara County

22   Superior Court, case number 1442831. Dkt. No. 1 ("Pet.").

23        The records of this Court establish that Petitioner previously filed a habeas

24   action concerning the same 2017 conviction and sentence.  *See Sarwary v. Clark*, No.

25

26   [1] Pursuant to the prisoner "mailbox rule," "the court deems the petition constructively
     'filed' on the date it is signed." *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir.
27   2010); *see Houston v. Lack,* 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L. Ed. 2d
     245 (1988).  The Petition was filed with the Court on August 29, 2024.
28

2:20-cv-03878-JFW-RAO (C.D. Cal. Apr. 28, 2020).[2]  In Petitioner's prior habeas action concerning his 2017 conviction and sentence, the Court denied with prejudice the operative petition.  *See* Order Adopting Final Report and Recommendation and Judgment, *Sarwary v. Clark*, No. 2:20-cv-03878-JFW-RAO (C.D. Cal. May 26, 2021), Dkt. Nos. 29-30.

A review of the instant Petition demonstrates that Petitioner again seeks federal habeas relief concerning the same 2017 conviction and sentence.  Pet. at 2.  Neither the Petition itself nor the records of the Ninth Circuit establish that the Ninth Circuit has authorized Petitioner to bring a successive petition in this Court.

## II.   DISCUSSION

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1).  In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).  § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); see also *Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

///

---

[2] The Court takes judicial notice of the court records and files as well as those of the Court of Appeals for the Ninth Circuit, as necessary herein.  *See* Fed. R. Evid. 201(b)(2); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1    The Court finds that Petitioner's present Petition is clearly a "second or

2   successive" habeas petition.  Moreover, the Petition and records of the Ninth Circuit

3   establish that Petitioner has not been granted authorization by the Ninth Circuit to

4   file a successive petition to raise his claims.

5    For these reasons, the Court finds that it lacks jurisdiction to consider the

6   Petition.  Therefore, the reference to the Magistrate Judge is vacated and the Petition

7   is dismissed for lack of jurisdiction.  *See Burton*, 549 U.S. at 152-53.  The Clerk is

8   directed to enter judgment dismissing the Petition.

9                        **III.   CERTIFICATE OF APPEALABILITY**

10    Under AEDPA, a state habeas petitioner seeking to appeal a district court's

11   final order in a habeas corpus proceeding must obtain a Certificate of Appealability

12   ("COA") from the district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A

13   COA may issue "only if the applicant has made a substantial showing of the denial

14   of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

15   standard by demonstrating that jurists of reason could disagree with the district

16   court's resolution of his constitutional claims or that jurists could conclude the issues

17   presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

18   *Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

19    When the Court dismisses a petition on procedural grounds, it must issue a

20   COA if the petitioner shows: (1) "that jurists of reason would find it debatable

21   whether the petition states a valid claim of the denial of a constitutional right"; and

22   (2) "that jurists of reason would find it debatable whether the district court was

23   correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct.

24   1595, 146 L. Ed. 2d 542 (2000).

25    Here, the Court is dismissing the Petition without prejudice because it is a

26   successive petition without proper authorization from the Ninth Circuit.  Since the

27   Petition is patently a successive petition, Petitioner cannot make the requisite

28   ///